UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SUNSETTER PRODUCTS LP,<br>a Massachusetts Limited Partnership,<br><br>Defendant. | No. 1:23-CV-10744 (BEM) |

### CONSENT DECREE OF CIVIL PENALTY AND PERMANENT INJUNCTION

Plaintiff, the United States of America, has commenced this action by filing a Complaint for Civil Penalties and Permanent Injunctive Relief pursuant to 15 U.S.C. §§ 2068(a)(4), 2069, and 2071(a), against SunSetter Products LP ("SunSetter") (ECF No. 1). SunSetter has waived service of summons (ECF No. 4) and answered the Complaint (ECF No. 37).

The parties have agreed to settlement of all allegations in the Complaint and consent to the entry of this Consent Decree of Civil Penalty and Permanent Injunction ("Decree"). Therefore, it is hereby ORDERED, ADJUDGED, and DECREED as follows:

1.      In its Complaint, the United States alleges that SunSetter, separately as to each individual protective, vinyl cover with bungee tie-downs distributed in commerce ("the Cover"),[1] knowingly failed to immediately inform the Consumer Product Safety Commission ("CPSC" or "Commission"), in violation of 15 U.S.C. §§ 2068(a)(4) and 2069, upon obtaining information that reasonably supported the conclusion that the Cover contained a defect that could create a substantial product hazard, as required by 15 U.S.C. §§ 2064(a)(2) and (b)(3).

2.      The Complaint also alleges that SunSetter, separately as to each individual Cover

---

[1] The Covers were placed over certain SunSetter motorized, retractable awnings.

distributed in commerce, knowingly failed to immediately inform the CPSC, in violation of 15 U.S.C. §§ 2068(a)(4) and 2069, upon obtaining information that reasonably supported the conclusion that the Covers created an unreasonable risk of serious injury or death, as required by 15 U.S.C. § 2064(b)(4).

3. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1345, 1355(a) and 15 U.S.C. § 2071(a)(1).

4. Venue in this District is proper pursuant to 28 U.S.C. §§ 1391(b), (c), and 1395(a).

5. The Complaint states a claim upon which relief may be granted against SunSetter under the Consumer Product Safety Act ("CPSA"). 15 U.S.C. §§ 2068(a)(4), 2069, 2071(a).

6. At all relevant times, the Cover was a "consumer product," as defined in 15 U.S.C. § 2052(a)(5).

7. At all relevant times, SunSetter was a "manufacturer," as defined in 15 U.S.C. § 2052(a)(11), of the Covers that are the subject of the Complaint.

8. At all relevant times, SunSetter was a "retailer," as defined in 15 U.S.C. § 2052(a)(13), of the Covers that are the subject of the Complaint.

9. SunSetter enters into this Decree freely and without coercion. SunSetter further acknowledges that it has read the provisions of this Decree and is prepared and able to abide by them.

10. The United States believes settlement of this case on the terms described below is in the public interest and that injunctive relief is necessary to prevent future violations of the CPSA.

11. SunSetter does not admit that it violated the law and believes settlement is appropriate to avoid the time and expense of litigation.

12. SunSetter waives any claim that it may hold under the Equal Access to Justice

Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date this Decree is entered by the Court. All parties agree to bear their own fees, costs, and attorneys' fees.

## I.     CIVIL PENALTY

A.     SunSetter shall pay nine million two hundred fifty thousand dollars ($9,250,000) to the United States as a civil penalty, pursuant to 15 U.S.C. § 2069. Within ninety (90) calendar days after (a) entry of this Decree and (b) receipt of appropriate wire instructions from the United States, SunSetter shall transfer the civil penalty payment in the form of an electronic fund transfer in accordance with the procedures specified by the United States.

B.     In the event of any default in payment required in Paragraph A, the entire unpaid amount shall constitute a debt due and immediately owing by SunSetter to the United States, and interest shall accrue and be paid by SunSetter at the federal legal rate of interest set forth at 28 U.S.C. § 1961 from the date of default until the payment has been paid in full. SunSetter relinquishes all dominion, control, and title to the funds paid to the fullest extent permitted by law. SunSetter shall make no claim to or demand for return of the funds, directly or indirectly, through counsel or otherwise.

C.     The judgment amount set forth in this Section represents a civil penalty owed to the United States Government, is not compensation for actual pecuniary loss, and, therefore, is not subject to discharge under the Bankruptcy Code pursuant to 11 U.S.C. § 523(a)(7).

D.     Without admitting any fact or allegation in the Complaint, SunSetter agrees that it will not contest the facts as alleged in the Complaint filed in this action, without further proof, in any subsequent civil litigation filed by or on behalf of the United States to enforce its rights to payment under this Section.

## II.    INJUNCTIVE RELIEF

A.    As required by 15 U.S.C. §§ 2064(b) and 2068(a)(4) of the CPSA and the implementing regulations in Part 1115 of Title 16 of the Code of Federal Regulations, SunSetter shall immediately report to the CPSC when it obtains information which reasonably supports the conclusion that any consumer product distributed in commerce and manufactured, imported, distributed, or sold by SunSetter, contains a defect which could create a "substantial product hazard" (as defined by 15 U.S.C. § 2064(a)) or creates an unreasonable risk of serious injury or death.

B.    SunSetter shall implement and maintain a compliance program designed to ensure compliance with the safety statutes and regulations enforced by the Commission with respect to any consumer product imported, manufactured, distributed, or sold by SunSetter and that, at a minimum, contains the following elements:

   i.   written standards and policies, including those designed to ensure that information relevant to CPSA compliance is conveyed effectively to personnel responsible for CPSA compliance, whether or not an injury is referenced;

   ii.  a written mechanism for confidential and/or anonymous employee reporting of compliance-related questions or concerns to either a compliance officer or to another senior manager with authority to act as necessary;

   iii. written procedures for tracking and reviewing claims and reports, including warranty claims, for safety concerns and for implementing corrective and preventive actions when compliance deficiencies or violations are identified;

   iv.  effective communication of company compliance-related policies and procedures to all employees through regular training programs or otherwise;

   v.   senior manager participation and responsibility for compliance and accountability for violations of the statutes and regulations enforced by the CPSC;

   vi.  oversight and documentation of safety compliance by a governing body or board at SunSetter or its parent company;

   vii. an annual internal audit of the effectiveness of the compliance program that evaluates deficiencies and weaknesses, opportunities for improvement, and

    SunSetter's overall culture of compliance; and

  viii. retention of all records reasonably related to compliance with the safety statutes enforced by the CPSC for at least five (5) years and the availability of such records to CPSC staff upon reasonable request.

C. SunSetter shall operate under a system of internal controls and procedures designed to ensure that:

  i. information required by law to be disclosed by SunSetter to the CPSC is recorded, processed, and reported to the CPSC in accordance with applicable law;

  ii. all reporting made to the CPSC is timely, truthful, complete, and accurate; and

  iii. prompt disclosure is made to the governing body or board tasked with oversight of safety compliance of any known material deficiencies or material weaknesses in the design or operation of such internal controls that are likely to adversely affect in any material respect SunSetter's ability to record, process, and report to the CPSC in accordance with applicable law.

D. For a period of two (2) years from the entry of this Decree by the Court, SunSetter shall, upon reasonable request by the CPSC staff or by the United States, and in accordance with a mutually agreeable schedule, provide to the CPSC and the United States written documentation of such policies, processes, and controls, including, but not limited to, the effective dates of such policies, processes, and controls. SunSetter shall cooperate fully and truthfully with CPSC staff and the United States and make available all information, materials, and personnel necessary for CPSC staff and the United States to evaluate SunSetter's compliance with the terms of the Decree. The statutory provisions related to maintaining the confidentiality of information covered by 15 U.S.C. § 2055 applies to the CPSC's receipt of information pursuant to this paragraph.

E. SunSetter shall ensure that SunSetter's designated compliance officer or another executive officer whose responsibilities include compliance with the CPSA, after consultation with other safety or compliance officers within SunSetter, shall provide a certification to the CPSC and the United States that SunSetter is in compliance with Paragraphs II.B and II.C on an annual basis

for two (2) years after entry of this Decree, with the first certification due twelve (12) months after entry of this Decree. Based on his or her review, the certifying officer shall submit to the CPSC and the United States a certification stating that, to the best of his or her knowledge based on a reasonable inquiry, during the preceding year, SunSetter complied with all its obligations under Paragraphs II.B and II.C of this Decree. The certification shall summarize SunSetter's compliance by, at a minimum, describing the activities of management employees responsible for ensuring compliance with Paragraphs II.B and II.C of this Decree, and describing the adoption and implementation of any new or substantively revised policies, procedures, and practices that relate to such compliance. If the certifying officer is unable to provide any part of this certification as specified herein, he or she shall provide a detailed explanation of why he or she is unable to provide such certification. The certification and detailed explanation shall be sworn under penalty of perjury pursuant to 28 U.S.C. § 1746.

    F.    Within ten (10) calendar days after entry of this Decree, SunSetter shall provide a copy of this Decree to each and all of its directors, officers, and in-house attorneys. Within twenty (20) calendar days after entry of this Decree, SunSetter shall make accessible a copy of this Decree to all of SunSetter's employees involved in the testing, manufacture, or quality control of consumer products. SunSetter shall ensure that the Decree remains accessible for no less than twelve (12) months. Within thirty (30) calendar days after entry of this Decree, SunSetter shall provide to the CPSC and the United States a certification stating the fact and manner of compliance with the provisions of this paragraph that shall be sworn under penalty of perjury pursuant to 28 U.S.C. § 1746.

### III.   MISCELLANEOUS PROVISIONS

    A.    This Decree shall be binding on the successors and assigns of SunSetter, and any

such successors and assigns shall be subject to the terms of this Decree.

B. For a period of two (2) years from the entry of this Decree by the Court, SunSetter shall notify the CPSC and the United States in writing within ten (10) calendar days after any reorganization, consolidation, merger, acquisition, dissolution, assignment, sale, transfer or similar transaction or series of transactions resulting in a successor entity, the transfer or disposition of substantially all of the assets of SunSetter or any other changes in corporate structure that SunSetter determines in good faith may affect its implementation of compliance obligations arising out of this Decree.

C. SunSetter shall notify the CPSC and the United States in writing within fourteen (14) calendar days after any change in the person to which communications from the CPSC or the United States should be addressed.

D. All notifications, certifications, reports, correspondence, and other communications to the CPSC required by the terms of this Decree, shall be addressed to the CPSC Office of the General Counsel at the physical address 4330 East West Highway, Bethesda, MD 20814, or to the email address generalcounsel@cpsc.gov; and to the CPSC Director of the Division of Enforcement and Litigation at the physical address 4330 East West Highway, Bethesda, MD 20814, or to the email address Section15@cpsc.gov.

E. All notifications, certifications, reports, correspondence, and other communications to the United States required by the terms of this Decree, shall be given by electronic mail to Consumer.Compliance@usdoj.gov and to any additional email addresses provided by the United States. The subject line of the email must begin with the Company's name. In the event that electronic mail is unavailable, the notice may be sent by personal delivery, overnight delivery by a recognized delivery service, or registered or certified mail to an address

provided by the United States. Notice shall be effective upon actual receipt by the United States.

F. If SunSetter fails to comply with any provisions of this Decree, SunSetter shall pay to the United States liquidated damages in the sum of five thousand ($5,000) per violation for each day that SunSetter fails to comply with the Decree. SunSetter understands and agrees that the liquidated damages specified in this paragraph are not punitive in nature and that they do not in any way limit the ability of the United States to seek, and the Court to impose, additional criminal or civil contempt penalties based on conduct that may also be the basis for the payment of liquidated damages. Nothing in this paragraph shall be construed to limit SunSetter's right to contest a claim of a failure to comply with the provisions of this Decree. The terms of this paragraph expire two (2) years after entry of this Decree by the Court, unless during that time period SunSetter is found by the Court to have violated any provision of this Decree. If such a violation is found by the Court during that time, the terms of this paragraph will be extended for an additional period of two (2) years from the date of the Court's order finding the violation.

G. Should the United States bring and prevail in a contempt action to enforce the terms of this Decree, SunSetter shall, in addition to any other remedies ordered by the Court, reimburse the United States for its attorneys' fees (including overhead), expert witness fees, travel expenses incurred by attorneys and witnesses, investigational and analytical expenses, administrative and court costs, and any other costs or fees relating to such contempt proceedings.

H. Nothing in this Decree shall be interpreted as waiving, or as an agreement to waive, the attorney-client privilege, work-product doctrine, and similar domestic or foreign privileges against disclosure.

I. The provisions of this Decree are separate and severable from one another. If any provision is stayed or determined to be invalid, the remaining provisions shall remain in full force

and effect.

J.      This Court retains jurisdiction of this matter for the purpose of enabling any of the parties to this Decree to apply to the Court at any time for such further orders or directives as may be necessary or appropriate for the enforcement of compliance therewith, or for the punishment of violations thereof.

K.      The parties, by their respective counsel, hereby consent to entry of the foregoing Decree, which shall constitute a final judgment and Order in this matter. The parties further stipulate and agree that the entry of the foregoing Decree shall constitute full, complete, and final settlement of this action.

SO ORDERED, this _____ day of _____, 2025.

_____<br>
Brian E. Murphy<br>
United States District Judge

The parties, by their counsel, hereby consent to the terms and conditions of the foregoing Consent Decree of Civil Penalty and Permanent Injunction and consent to the entry thereof.

Dated: March 31, 2025.

*For SunSetter Products, LP:*

/s/ *Shamis Beckley*
SHAMIS BECKLEY, BBO No. 697425
Cooley LLP
500 Boylston Street, 14th Floor
Boston, MA 02116-3736
Telephone: +1 617 937 2300
Facsimile: +1 617 937-2400
sbeckley@cooley.com

DANIEL GROOMS (admitted pro hac vice)
MATTHEW HOWSARE (admitted pro hac vice)
SHAWN SKOLKY (admitted pro hac vice)
Cooley LLP
1299 Pennsylvania Avenue, NW Suite 700
Washington, DC 20004
Telephone: +1 202 842 7800
Facsimile: +1 202 842 7899
dgrooms@cooley.com
mhowsare@cooley.com
skolky@cooley.com

MATTHEW KUTCHER (admitted pro hac vice)
Cooley LLP
110 N. Wacker Drive Suite 4200
Chicago, IL 60606
Telephone: +1 312 881 6500
Facsimile: +1 312 881 6598
mkutcher@cooley.com

REED SMITH (admitted pro hac vice)
Cooley LLP
55 Hudson Yards
New York, NY 10001
Telephone: +1 212 479 6000
Facsimile: +1 212 479 6275
reed.smith@cooley.com

*For the United States:*

YAAKOV M. ROTH
Acting Assistant Attorney General
Civil Division

MICHAEL D. GRANSTON
Deputy Assistant Attorney General

AMANDA N. LISKAMM
Director
Consumer Protection Branch

/s/ *Brett Ruff*
BRETT RUFF
NICOLE FRAZER
Trial Attorneys
U.S. Department of Justice
Consumer Protection Branch
450 5th Street, NW
Sixth Floor, South
Washington, DC 20001
(202) 305-7386
Fax: (202) 514-8742
Brett.C.Ruff@usdoj.gov
Nicole.Frazer@usdoj.gov

LEAH B. FOLEY
United States Attorney

/s/ *Anuj K. Khetarpal*
ANUJ K. KHETARPAL
Assistant United States Attorney
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3658
Anuj.Khetarpal@usdoj.gov

*Of counsel for the United States*:

MATTHEW A. CAMPBELL
General Counsel
MELISSA V. HAMPSHIRE
Assistant General Counsel
RENEE H. MCCUNE
Attorney
Office of the General Counsel
U.S. Consumer Product Safety Commission
Bethesda, MD 20814

AMELIA D. HAIRSTON-PORTER
Attorney
Office of Compliance and Field Operations
U.S. Consumer Product Safety Commission
Bethesda, MD 20814